# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| JORGE LOPEZ-VARGAS, | ) |
| Movant, | ) |
| vs. | ) No. 1:07-CV-118 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

The matter is before the Court on movant Jorge Lopez-Vargas's motion to vacate, set aside, or correct his sentence made pursuant to 28 U.S.C. § 2255. In his habeas petition, movant alleges that he received ineffective assistance of counsel, was denied due process of law and equal protection in that his attorney failed to fully explain the waiver of appeal in his plea agreement and failed to file a notice of appeal despite being instructed to do so. Movant was appointed counsel in this case, and an evidentiary hearing was held on December 11, 2007. For the following reasons, movant's motion will be denied and his claims dismissed.

### *Factual & Procedural Background*

On October 24, 2005, movant was indicted in this district in a single-count indictment for violation of 21 U.S.C. § 841(a)(1). On February 23, 2006, movant was indicted in a three-count superseding indictment for violating 21 U.S.C. §§ 841(a)(1), 846, 924(c)(1)(A).

Movant, who was represented by attorney John D. Stobbs, II, in the underlying criminal proceeding, entered into a plea agreement with the United States Attorneys' Office. The plea agreement contained a waiver that limited the circumstances under which movant could appeal. On September 7, 2006, movant pleaded guilty to counts one and three of the superceding indictment. All other counts were dismissed.

On November 30, 2006, movant was sentenced to a term of 135 months on count one and a term of 60 months on count three to run consecutive to the sentence imposed in count one. He was also ordered to be placed on supervised release for a term of 5 years. Movant did not file an appeal with the Eighth Circuit Court of Appeals.

On August 6, 2007, movant filed a pro se motion in this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He moved to vacate his plea and sentence on two basic grounds:

1. He received ineffective assistance of counsel, was denied due process of law and equal protection in that his attorney failed to explain the waiver of appeal in his plea agreement;

2. He received ineffective assistance of counsel, was denied due process of law and equal protection in that his attorney failed to file a notice of appeal despite being instructed to do so.[1]

---

[1] On February 21, 2008, movant's appointed counsel raised for the first time a claim in the memorandum in support of movant's habeas petition that movant's rights under the Vienna Convention were violated in that movant was not notified upon his arrest of his right to contact the local consulate of his home country, Mexico. For a number of reasons, including the fact that the claim is time-barred, movant is not entitled to relief on this basis.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255. Here, movant's conviction became "final" on December 14, 2006 – the last day he could have filed an appeal with the Eighth Circuit Court of Appeals. See Fed. R. App. P. 4(b)(1)(A) (a defendant in a criminal case has ten days after entry of judgment to file a notice of appeal); Fed. R. App. P. 26(a) (it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.") Movant did not raise his claim based on the Vienna Convention until February 21, 2008, which was well beyond the last day it properly could have been filed under Section 2255. Therefore, it is time barred, as movant's Vienna Convention claim does not relate back to movant's original petition. Fed. R. Civ. P. 15(c)(1)(B) ( "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."); Mayle v. Felix, 545 U.S. 644, 664 (2005) (in order for the claims in an amended habeas

After determining that an evidentiary hearing was necessary in this case, the Court appointed movant counsel on September 26, 2007. An evidentiary hearing was held on December 11, 2007, to determine whether movant's trial counsel adequately instructed movant regarding the appeal waiver contained in the plea agreement, and whether movant instructed his trial counsel to file a notice of appeal. Movant testified at the hearing, as did his former counsel, John Stobbs.

### *Testimony Presented at the Evidentiary Hearing*

#### *Movant's Testimony*

At the evidentiary hearing, movant testified that he was represented during the underlying criminal action by attorney John Stobbs. He testified that he had the opportunity to meet with Mr. Stobbs and go over issues in his case. See Hearing Transcript at 7. [Doc. 16] As to the issue of whether Mr. Stobbs advised movant regarding the appeal waiver in the plea agreement, movant's testimony was inconsistent. Movant testified he did not know whether Mr. Stobbs had reviewed the plea agreement, stipulation or pre-sentence report with him. Id. at 8. Furthermore, movant could not remember if he spoke to his attorney after the sentencing hearing or what Mr. Stobbs might have told him. Id. at 9. During cross-examination, the government's counsel challenged movant regarding whether his attorney had gone over the plea agreement with him:

Q: It's your testimony that he didn't go over these things?

A: I didn't say that. I mean, I didn't say that. The only thing that I said really is that he promised me something and then I didn't get what he promised.

Q: Did he or did he not go through the plea agreement with you?

---

motion under 28 U.S.C. § 2254 to relate back, they must be of the same "time and type" as those in the original motion, such that they arise from the same core set of operative facts); United States v. Hernandez, 436 F.3d 851, 857 (8th Cir. 2006) (applying Mayle in the context of a Section 2255 petition).

A: Yes.

Q: And he explained the provisions to you, didn't he?

A: Yes, sir.

Q: One of those provisions was that you were giving up your right to appeal?

A: Yes, that's when I signed that paper and supposedly I was going to get 15 years, but he didn't tell me that I was waiving anything. He didn't say that until I was in the county. Id. at 15.

As for Mr. Stobbs's failure to file a notice of appeal, movant never testified at the evidentiary hearing that he had asked Mr. Stobbs to file an appeal on his behalf. When asked, "[d]o you remember whether or not you asked Mr. Stobbs to specifically not do something in this case?" Movant responded: "I never asked him anything." Id. at 11. Movant's appointed counsel followed up with, "[l]et me flip the question around. Did you ask him to do something that he didn't do?" Movant replied: "No." Id. Finally, when asked whether Mr. Stobbs did everything he asked him to do, movant responded:

> Well, perhaps he did it, but the reason that I have made this [habeas] appeal is that when he told me to plead guilty and that I was going to be given 15 years, that's when I decided to plead guilty because he told me if I went to trial I could get 25 years or more. And when I signed for 15 years, then I came into court and got a sentence of 16 years and three months. Id. at 8.

*John Stobbs's Testimony*

Mr. Stobbs testified that he did not specifically recall whether he went over the terms of the plea agreement with movant. See Hearing Transcript at 19. He testified that it is his normal practice when representing a client such as movant to go over the terms of a plea agreement page by page.[2]

---

[2]Movant is a native Spanish-speaker, who to some degree understands and converses in English. Mr. Stobbs speaks and reads Spanish, and he testified at the hearing that he spoke to his client both in English and Spanish. Id. at 19-20.

Id. at 20. Mr. Stobbs testified that he normally goes through the rights to which a defendant is entitled and may be waiving, and he specifically translates those parts from English into Spanish. Id. As for the right to appeal, Mr. Stobbs stated:

> I would have gone over the right to an appeal because that's another right [Spanish-speaking defendants] are giving up and that's something I think in their culture they probably wouldn't... have these kind of appeal rights. So that's what I would have done. But I don't specifically recall translating it to [movant] or going over it, but I would have. Id.

As to whether movant expressed a desire to appeal, Mr. Stobbs testified that movant never asked him to file an appeal on his behalf. Id. at 23.

*Discussion*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

Movant claims he received ineffective assistance of counsel and was denied due process of law and equal protection in that his attorney failed to fully explain the waiver of appeal in his plea agreement. He also claims he received ineffective assistance of counsel and was denied due process

- 5 -

of law and equal protection in that his attorney failed to file a notice of appeal despite being instructed to do so.

In order to prevail on a claim of ineffective assistance of counsel, movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. He must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice he must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a movant to § 2255 relief. Watson v. United States, 493 F.3d 960 963-64 (8th Cir. 2007); Evans v. United States, No. 1:05CV0099 ERW, 2006 WL 1300672, at * 5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or likely success on appeal is necessary. Watson, 493 F.3d at 963-64; Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). If it is established movant expressed a desire to file an appeal and his counsel failed to do so, the appropriate remedy is to re-sentence movant, thus affording him an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

For movant claims to succeed, movant must establish the factual basis to support his claims. It is movant's burden to show that he was not adequately notified of his right to file an appeal, and that he instructed his attorney to file an appeal. Holloway, 960 F.2d at 1357. The Court finds movant can do neither. Movant's testimony regarding his failure to received adequate notice about the waiver of his right to an appeal is inconsistent and not credible. He testified he was uncertain what Mr. Stobbs informed him about the plea agreement, and that at the sentencing hearing, he was so upset about the sentence he received that he is unsure what Mr. Stobbs might have told him. The Court further finds Mr. Stobbs's testimony – that it is his practice to go over the terms of a plea agreement, including any waiver of rights, with his clients – to be credible. The Court finds that it is more likely than not that movant was informed that the plea agreement, which movant signed, contained a waiver of his right to appeal.

As for his assertion that Mr. Stobbs failed to file a notice of appeal despite being instructed to do so, movant has presented no evidence whatsoever that he made such a request. In fact, when asked point-blank whether he asked his attorney to file an appeal, movant testified he did not. Although his right to appeal does not depend on this request, the "desire to appeal must be manifest." Barger, 204 F.3d at 1182. After considering the testimony from the evidentiary hearing and the record generally, movant has failed to demonstrate that he communicated to Mr. Stobbs a desire to file an appeal. See United States v. Robinson, 171 Fed. Appx. 536, 537-38 (8th Cir. 2006) (finding, in a similar factual scenario, that a defendant did not ask his counsel to file a notice of appeal).

Accordingly,

**IT IS HEREBY ORDERED** that movant Jorge Lopez-Vargas's motion made pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** and his claims are **DISMISSED** with prejudice. [Doc. 1]

A separate order of dismissal will accompany this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of October, 2008.